JOSEPH DIMAURO *vs.* JOSEPH S. SAMSON *d.b.a.* SAMSON'S.
EDNA DIMAURO *vs.* SAME.
EDNA DIMAURO *vs.* SAMUEL D. SAMSON *d.b.a.* SAMSON'S.
JOSEPH DIMAURO *vs.* SAME.

NOVEMBER 6, 1958.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. These actions of trespass for assault and battery and for false imprisonment were commenced by writs dated December 16, 1957 and made returnable to the superior court on January 30, 1958. The plaintiffs failed to return their writs on that date, but on February 11, 1958 they filed petitions in that court in accordance with general laws 1956, §9-4-8, for leave to return them late on the grounds that such failure was due to "accident, mistake or unforeseen cause." After notice to the defendants the petitions were duly heard on February 14, 1958 and granted. Each case is here on the defendant's bill of exceptions containing an exception to such decision. Since the bills raise the same question we shall treat them together.

The defendants contend the evidence shows that plaintiffs failed to enter their writs in time, not because of accident, mistake or unforeseen cause, but solely as a result of the negligence of their counsel. They contend that such negligence has been held by this court not to be within the intendment of those grounds and they cite *National Casket Co.* v. *Montgomery,* 52 R. I. 158.

The trial justice apparently did not agree with defendants' view of the evidence and therefore did not follow that case. In the course of his decision he stated: "Certainly the tenor of the attorney's testimony indicates a mistake of fact, an unawareness of fact, an unawareness of the time at which these writs and accompanying declarations should

be filed." He further observed that there was always an element of negligence in a case of this kind, but he felt that it was for the court to exercise its discretion in such instances and decide whether justice warranted the granting of the relief prescribed by the statute notwithstanding the presence of some degree of negligence mixed with other factors.

Later in his decision he reiterated his conviction that the evidence showed more a mistake of fact than of culpable negligence. "It seems to me," he said, "that in this case there was a mistake of fact. There seems to be no doubt that the attorney was aware of the time for filing of these cases; that it was solely through inadvertence, a mistaken impression—which may not have been a justified impression—that the cases were filed. There was an interruption or change in office routine which, perhaps, contributed to that mistake."

The trial justice's view of the evidence as showing primarily a mistake of fact is based solely upon the following testimony of plaintiffs' attorney: "The factual reasons why the writs were not entered on time were as follows: (1) I thought that they had been filed in each case. (2) My secretary of eight years left me right around this time. She was familiar with the formal office procedure. I hired a new girl and as a result of the interruption of the office procedure the writ was not filed on time. (3), and most important, I had a moving problem with regard to papers and files in the office and during that time by accident, Your Honor, or mistake, these writs were taken from the top of my desk, where I would have noticed them, and put in a file and because of being put in the file my attention was not called to them as it normally would have been called to them were they on the top of my desk."

The sole question for us to decide is whether or not the trial justice erred in his conception of such testimony as tending to show a mistake of fact rather than inexcusable

negligence. There can be no question that if plaintiffs' failure to comply with the provisions of the statute resulted solely from their attorney's negligence it would be an abuse of discretion for the trial justice to grant relief under G. L. 1956, §9-4-8. *Bolster* v. *Bolster*, 35 R. I. 367; *National Casket Co.* v. *Montgomery, supra; Podrat* v. *Frank,* 76 R. I. 19. However, where there are other circumstances mixed with the negligence of the attorney this court has occasionally approved the granting of relief under G. L. 1956, §9-4-8, and has also on occasion itself granted relief under a comparable statute, G. L. 1956, §9-21-4. *Donahue* v. *R. A. Sherman's Sons Co.,* 39 R. I. 373; *Baker* v. *Tyler,* 28 R. I. 152; *Marshall* v. *McCormick,* 27 R. I. 357; *Burrough* v. *Hill,* 15 R. I. 190. But in such instances the failure of the petitioner to comply with the requirements of the statute was not due solely or predominantly to negligence of counsel.

In our opinion, in the cases at bar there was, as we said in *Burrough* v. *Hill, supra,* a mixture of negligence with mistake of fact on the part of counsel. The trial justice, in the exercise of his discretion, apparently concluded that such negligence did not predominate in producing the failure to enter the writs but rather that such failure was due to counsel's mistaken assumption that they had been duly entered in accordance with the accustomed practice of his office. While we are not as fully convinced of this as was the trial justice, we cannot say that his decision is clearly wrong. Therefore he did not abuse his discretion.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*James F. McCoy,* for plaintiffs.

*Letts & Quinn, Daniel J. Murray, Alan S. Flink,* for defendants.